IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01167-RPM

JAMES GONZALES,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.
_____

ORDER VACATING DECISION AND FOR REMAND
_____

      The applications of James Gonzales for a period of disability, disability

insurance benefits and supplement security income based on disability were denied

based on the decision of an Administrative Law Judge ("ALJ") dated January 17, 2006,

after a hearing on December 15, 2005.  In this review under 42 U.S.C. § 405(g) the

issues are whether the ALJ failed to give proper weight to the opinion of the treating

physician and whether the ALJ's credibility determination concerning the claimant's

testimony as to his limitations as a result of pain are warranted.

      The ALJ found that despite the severe impairments of degenerative disc disease

of the lumbar spine, left shoulder osteoarthritis and left ulnar neuropathy, Mr. Gonzales

had the residual functional capacity to perform medium exertional work and was

therefore not prevented from performing his past relevant work as a boiler operator.

Accordingly, disability was denied at Step 4 of the sequential evaluation process.  In

the narrative portion of his opinion, the ALJ said that even if the claimant could not

return to that work, he could perform other jobs of boiler helper, fuel attendant and meter reader, according to the testimony of a vocational expert based on alternative hypothetical questions.

The medical treatment records show that Mr. Gonzales was a patient treated at the Pueblo Community Health Center under the primary care of Dr. Michael Barris, M.D., beginning in 1998.  On June 4, 2004, Dr. Barris wrote a letter identifying the patient's multiple medical problems, including severe degenerative arthritis involving the right knee, lumbosacral radiculitis, major depressive disorder and ulnar neuropathy requiring chronic pain medication, limiting his ability to obtain gainful employment. R. 138.  Dr. Barris completed a form giving his opinions of the claimant's physical ability to do work related activities on May 23, 2003.  R. 156-158.  The diagnoses given were (1) lumbar radiculitis, (2) right knee osteoarthritis and (3) left forearm neuropathy.

On that form, Dr. Barris showed the ability to sit three hours, stand two hours and walk one hour in an eight hour day; answered yes to the requirement that the patient alternate sitting, standing or walking to relieve discomfort, giving 20 minutes of sitting before changing position, 20 minutes standing before changing position; a requirement that the patient needs to lie down at unpredictable intervals during a work shift and that he could not bend, kneel, crouch or crawl.  Dr. Barris also opined that these impairments would cause unexpected absences from work and that the impairments could be expected to last at least 12 months.

The ALJ gave "little weight" to Dr. Barris' assessments, saying that they were not consistent with the physician's own examination results and was not well supported by

2

objective medical evidence.

The ALJ also referred to the report of an examination by the consulting physician, Dr. Tim Moser, M.D., of an examination conducted on October 17, 2002, for lower back pain, left shoulder pain and insomnia.  R. 125-128.  Dr. Moser's assessment was that restrictions for standing and walking are about six hours in an eight hour work day, restrictions for lifting and carrying are 20 pounds occasionally and there are frequent postural limitations on bending, stooping and crouching, all secondary to lower back pain.  Dr. Moser noted that the lower back pain began in 1998 after a slip and fall accident at work; that onset of the left shoulder pain was in 1999 as a gradual development and the doctor reported range of motion and normal objective findings in many respects.  The ALJ accepted those findings but rejected Dr. Moser's assessment of limitations based on pain.

The ALJ gave "great weight" to the opinion of the state agency reviewing physician, Dr. Twombly, who reviewed Dr. Moser's report and two reports of Dr. Barris as the bases for the conclusions stated in the report dated November 4, 2002.  Dr. Twombly evaluated only those three reports and considered early degenerative disc disease of the lumbosacral spine and mild osteoarthritic changes of the left shoulder. R. 105.

The hearing before the ALJ was on December 15, 2005.  The medical records before him at that hearing included treatment notes of Dr. Barris showing deterioration and worsening symptoms in 2003 and 2004.  He attempted to refer Mr. Gonzales to an orthopedic physician to evaluate the left shoulder but the claimant was unable to make

3

an appointment because he had no insurance or ability to pay.

Mr. Gonzales did have a lumbar MRI on April 2, 2004, which showed a broad based disk bulge at L5-S1 making contact but not impinging on the right L5 nerve root and showing bilateral facet hypertrophy as well as mild facet hyperthrophy at levels L2-3, L3-4 and L4-5.  R. 164.  The ALJ mentioned only the finding of no nerve root impingement in his opinion.

The ALJ's rejection of the opinions of the treating physician in deference to the opinion of the state agency physician was legal error.  Dr. Twombly did not have adequate information upon which he could base an opinion and his evaluation was outdated by over two years.  The opinions and findings of non-treating physicians have consistently been considered of suspect reliability by the Tenth Circuit Court of Appeals.  *Drapeau v. Massamari*, 255 F.3d 1211, 1214 (10th Cir. 2001).

The ALJ's rejection of the severe limitations resulting from pain as testified to by the claimant as "not fully persuasive" was not adequately explained.  The ALJ made reference to indications that Mr. Gonzales was not compliant with his medications but failed to give any specifics.  The medical records show that pain medications have been prescribed for Mr. Gonzales consistently and they also show that he is indigent and his health care through a community health clinic is very limited.  He has not been evaluated by an orthopedic surgeon for his shoulder or his knee because he is indigent.

The finding that Mr. Gonzales could return to the boiler operator job is not based on substantial evidence.  He last worked as a boiler operator in 1997 and left that job

4

because of the on-the-job injury that resulted in his back impairment.  The vocational

expert opinion was based on the VE's understanding of limitations which are contrary to

the record.  If he accepted Dr. Barris' opinion, the VE agreed that the claimant could do

no work.

Because of the legal error in rejecting the treating physician's report in

deference to the non-examining physician's outdated report and the failure of the ALJ

to support the Step 4 finding by substantial evidence in the record, it is

ORDERED that the denial decision is vacated and this matter is remanded to the

Commissioner for further evaluation.

Dated: November 14th, 2007

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge